IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KELLY BICKNELL,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )        Case No. 26-2087-JWL
                                         )
LATISHA RICHARDSON and                   )
USIC, LLC,                               )
                                         )
                    Defendants.          )
                                         )
_____  )

## MEMORANDUM AND ORDER

This matter, which was originally filed in state court and then removed to this Court by defendant USIC, LLC ("USIC"), comes before the Court on plaintiff's motion to remand the case to state court (Doc. # 11).  USIC filed a response to the motion, and the deadline for any reply brief from plaintiff has passed, and the matter is therefore ripe for ruling.  For the reasons set forth below, the Court **grants** the motion, and this case shall be remanded to the District Court of Johnson County, Kansas.[1]

_____

[1] USIC has also filed a motion to dismiss any claims against it, to which plaintiff, inexplicably, has filed no response (plaintiff has not sought any extension of time or a stay pending a ruling on the remand motion).  In keeping with the practice espoused by the Tenth Circuit, however, the Court has ruled first on the remand motion, leaving the motion to dismiss to be decided by the state court upon remand.  *See Sisters of Charity of Leavenworth Health Sys., Inc. v. Prime Healthcare Servs., Inc.*, 2014 WL 105668, at *1 (D. Kan. Jan. 9, 2014) (Lungstrum, J.) (citing authority).

On December 3, 2025, plaintiff filed her petition against defendants Latisha Richardson and USIC in state court.  According to records of that court, Ms. Richardson was served with process in person on December 17, 2025, and USIC was served with process in person two days later.  In her two-page petition, plaintiff alleges that on May 12, 2025, at a store in Roeland Park, Kansas, a dispute arose in the parking lot between Ms. Richardson, who was driving a vehicle in the course and scope of her employment by USIC, and the driver of plaintiff's vehicle; and that inside the store, Ms. Richardson punched plaintiff in the face, causing physical injury to plaintiff and damages in the form of medical expenses and lost time from work.  Plaintiff further alleges that USIC was "negligent in employing and failing to properly supervise" Ms. Richardson, and she seeks damages exceeding $75,000 from each defendant.

On February 13, 2026, USIC removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  USIC alleged in the removal notice that plaintiff was a citizen of Kansas, Ms. Richardson was a citizen of Missouri, and USIC was a citizen of Delaware and Indiana (based its sole member's state of incorporation and principal place of business, respectively).  USIC, as the party invoking diversity jurisdiction, bears the burden of proving its existence by a preponderance of the evidence.  *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  USIC also bears the burden to demonstrate that the case was properly removed.  *See Salem v. National R.R. Passenger Corp.*, 1989 WL 18807, at *1 (D. Kan. Feb. 13, 1989); 14C Charles A. Wright, et al., *Federal Practice and Procedure* § 3739 (4th ed. 2009).

In her motion to remand, plaintiff, in a single page devoid of any citation to statute or caselaw, asserts four bases for remand, three of which border on the frivolous. First, plaintiff contends that "[a]t the time of the incident giving rise to the lawsuit, Latisha Richardson was a Kansas resident." For the purpose of diversity jurisdiction, an individual is a citizen of the state of her domicile, defined as physical presence or residence with the intent to remain indefinitely. *See ADA Carbon Solutions (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303 (10th Cir. 2025). As USIC notes, the premise of this argument is incorrect – the relevant time for determining diversity of citizenship is the date plaintiff filed her suit, not the date of the incident. *See Siloam Spr. Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). Moreover, plaintiff has not sufficiently called into question USIC's assertion that Ms. Richardson should be deemed a citizen of Missouri for the purpose of determining whether the parties are diverse. Plaintiff relies on a copy of the police report for the incident, which lists a Kansas address for Ms. Richardson. Plaintiff fails to address the officer's statement in the narrative portion of the same report, however, that Ms. Richardson gave him a Missouri address when he spoke to her in the days following the incident – even though USIC cited that statement in its notice of removal. Thus, because Ms. Richardson herself provided a Missouri address, and the source of the Kansas address for her is unknown, the police report more persuasively supports a finding that Ms. Richardson was a resident of Missouri at that time. In addition, USIC provided its own evidence that, as Ms. Richardson's employer, it had a Missouri address for her in its records. Accordingly, the Court finds that USIC has met its burden to establish complete

3

diversity here, based on Missouri citizenship for Ms. Richardson, and the Court therefore rejects this basis for remand.

Second, plaintiff contends, in a single sentence without citation to authority, that USIC "has alleged domicile, not citizenship." This contention is both wrong factually, as USIC alleged both Missouri citizenship and domicile for Ms. Richardson (and Kansas citizenship and domicile for plaintiff), and faulty legally, as an individual's citizenship is determined by her domicile, as noted above. The court thus rejects this basis for remand.

Third, plaintiff contends – again without analysis – that USIC's removal of the case was untimely. The relevant statute provides that a notice of removal shall be filed within 30 days of the defendant's receipt of the initial pleading, although "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of . . . [any] paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(1), (3). In its notice, USIC asserted that its removal was timely because it occurred within 30 days of USIC's receipt of the police report, from which USIC learned the state of plaintiff's residence and the removability of the case therefore became ascertainable. Plaintiff does not address that explanation in her motion. The Court finds that the removal was timely in this case. The Tenth Circuit has stated that it is very strict in assessing when grounds for removal are ascertainable, in the sense that the defendant must have "clear and unequivocal notice" that the suit is removable, and the court will not inquire into a defendant's subjective knowledge or what the defendant might have inferred from an investigation. *See Paros Props. LLC v. Colorado Casualty Ins. Co.*, 835 F.3d 1264, 1269-

4

71 (10th Cir. 2016) (also noting that a plaintiff may start the 30-day removal clock simply by providing the defendant with unambiguous notice of the relevant facts). In this case, the petition served on USIC did not identify plaintiff as a Kansas citizen or resident; and although the incident occurred at a Kansas store, the location is near the border with Missouri, and thus it was equally likely that plaintiff was a Missouri resident. Thus, the Court finds that USIC timely filed its notice of removal within 30 days of its receipt of a paper from which the removability of the case could be ascertained.

As her fourth and final basis for remand, plaintiff notes that defendant Richardson has not consented to the removal as required. *See* 28 U.S.C. § 1446(b)(2)(A) (in the case of a removal under Section 144(a), based on original federal jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action"). USIC did not address this lack of unanimous consent in its notice of removal, but it now makes three arguments for excusing this violation of the unanimity requirement.

USIC argues that plaintiff should be deemed to have forfeited this basis for remand because of her failure to support this basis with argument or authority. The Court confesses that it is somewhat dismayed by the cursory nature of plaintiff's motion, which indeed lacks any citation to authority or any meaningful analysis (and also by plaintiff's failure to file a reply brief addressing USIC's arguments). Nevertheless, the Court will not refuse to consider this procedural requirement for that reason. In the unpublished case on which USIC relies, the defendant had not urged the application of a particular procedural rule to prevent removal (and the status of the defendant as a properly-joined party was in doubt). *See Brazell v. Waite*, 525 F. App'x 878, 884 & n.2 (10th Cir. 2013) (unpub. op.). In

contrast, in the present case plaintiff explicitly raised the unanimity issue as a basis for remand, and the consent of all defendants to removal is explicitly required by the removal statute. Thus, the Court is compelled to consider whether removal was properly accomplished in this case.[2]

USIC next argues that Ms. Richardson's consent should not be required because she should be deemed merely to be a nominal party to the lawsuit.[3] Relying on two non-precedential cases, USIC argues that a defendant may be considered a nominal party for this purpose if no relief is sought from that party. USIC further argues that although plaintiff in her petition alleges that USIC was negligent, she does not identify by name any particular cause of action against Ms. Richardson; that the facts involving Ms. Richardson have been alleged as background for the claim against USIC; and that plaintiff seeks no relief specifically against Ms. Richardson. The Court rejects this argument, as it disagrees with USIC's characterization of the petition. In the petition, plaintiff plainly requests – and alleges that she is entitled to – damages from *each* defendant; and she has clearly alleged specific facts involving conduct by Ms. Richardson that could support tort liability,

---

[2] USIC correctly notes that the unanimity requirement is procedural not jurisdictional, *see Beasley v. Progressive Northwestern Ins. Co.*, 2015 WL 630566, at *3, 5 (D. Kan. Feb. 12, 2015), and that a lack of consent may therefore be waived or cured. USIC has not shown that plaintiff has waived compliance with this requirement by intentionally giving up the right to raise the issue, however, and the violation has not been cured by a subsequent notice filed by Ms. Richardson.

[3] USIC has not argued that Ms. Richardson has been fraudulently joined as a defendant. Moreover, any such argument would fail, as USIC has not shown that plaintiff committed actual fraud in pleading any jurisdictional facts, and, for the reasons stated below, USIC cannot show that plaintiff could not establish a cause of action against Ms. Richardson for battery. *See Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013) (setting out bases for fraudulent joinder).

for instance for battery (even if she doesn't use that term).[4]  Accordingly, the Court rejects this basis for excusing the failure to comply with the unanimity requirement.

Lastly, USIC argues that the Court should forgive or excuse this procedural failure because USIC has diligently tried to communicate with Ms. Richardson, as shown by evidence of USIC's counsel's failed attempts to contact her by telephone and by mail within the last two months.  The Court notes that this evidence does not show that USIC attempted to contact Ms. Richardson specifically concerning the issue of her consent to removal; nor does it show that any such attempts to contact her by mail or telephone occurred prior to its removal of the case without her consent.  At any rate, the Court declines to excuse the procedural violation on this basis in the absence of persuasive authority.  In the only case cited by USIC to support this argument, the court stated that "it is possible under some circumstances for the unanimity requirement to be excused with respect to a defaulted defendant who has not appeared," if the removing defendant has alleged in the notice of removal and proved in opposition to remand that reasonable efforts to locate the defaulted defendant have been exhausted.  *See White v. Bombadier Corp.*, 313 F. Supp. 2d 1295, 1303-04 (M.D. Fla. 2004).[5]  The court cited no authority for that statement, however, and thus the Court is not persuaded that the removal statute's explicit requirement of unanimous consent may be disregarded for this reason – especially in light

---

[4]  The Court offers no opinion concerning the legal sufficiency of plaintiff's pleading within the context of ruling on a motion to dismiss, as the Court leaves any such issue for the state court upon remand.

[5]  USIC did not allege in its notice of removal that it had made any attempts to ensure compliance with this requirement by first communicating with Ms. Richardson, its former employee.

of the Tenth Circuit's commands that there is a presumption against removal jurisdiction and that removal statutes are to be strictly construed with all doubts resolved against removal. *See Doe v. Lyft, Inc.*, 2025 WL 2645143, at \*1 (D. Kan. Sept. 15, 2025) (citing cases). The removal statute explicitly requires the consent of any defendant that has been properly joined and served, without any exception for a defaulting or nonresponsive party. *See* 28 U.S.C. § 1446(b)(2). According to the state-court records, Ms. Richardson was properly served with process; thus her consent to removal is required in this case. USIC has not obtained that consent. Accordingly, USIC has not shown that it properly removed this case in accordance with the governing statutes, and the Court therefore grants the motion for remand.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to remand (Doc. # 11) is hereby **granted**, and the case shall be remanded to the District Court for Johnson County, Kansas.

IT IS SO ORDERED.

Dated this 28th day of April, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

8